# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
### SOUTH BEND DIVISION

JUDITH SUCHOVSKY,                 )
                                    )
               Plaintiff,       )
                                      )
            v.                ) CAUSE NO. 3:15-cv-144-PPS-CAN
                                      )
NANCY A. BERRYHILL[1] Acting     )
Commissioner of Social Security       )
Administration,                )
                                      )
             Defendant.      )

## OPINION AND ORDER

This matter is before me on Plaintiff's counsel's Motion for Authorization of

Attorney Fees Pursuant to 42 U.S.C. § 406(b), DE 30, which seeks $12,645.00 in

attorney's fees, a percentage of the past-due Social Security Disability Insurance Benefits

awarded by the Commissioner of Social Security to Plaintiff.  For the reasons explained

in detail below, I find the request reasonable and the motion is **GRANTED**.

### Background

After being denied Disability Insurance benefits under the provisions of the

Social Security Act, Plaintiff appealed her case to this Court on March 31, 2015.  [DE 1.]

On December 14, 2015, I granted the Parties' Joint Motion to Remand pursuant to

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Nancy A. Berryhill is substituted for her predecessor, Carolyn W. Colvin, as defendant in this suit.

sentence four of 42 U.S.C. § 405(g) for further proceedings and a new decision by the ALJ. [DE 22.] On March 29, 2016, I granted Plaintiff's Motion for Attorney Fees pursuant to the Equal Access to Justice Act. [DE 29.]

On remand from this Court, Plaintiff then received a Notice of Award ("NOA") from the Commissioner in her favor. The NOA awarded Plaintiff $85,306.00 in total back benefits. [DE 30 at 6-11.] The Commissioner withheld $20,645.00 of the award for Plaintiff's counsel for his work on the case. [*Id.* at 8.] Plaintiff now asks me to approve a fee authorization in the amount of $12,645.00 pursuant to Section 206(b)(1) of the Social Security Act. Plaintiff's counsel represents that he will request that the Social Security Administration approve $8,000.00 as his fee for work before the agency, thus requesting a total of $20,645.00, the total amount withheld by the Commissioner, for work before the agency and federal court. [*Id.* at 2.] The Government has not objected to the request.

### Discussion

Section 406(b) of the Social Security Act provides: "Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A). Section 406(b) is intended to control, but not displace, contingent

2

fee arrangements.  *Gisbrecht v. Barnhart*, 535 U.S. 789, 793 (2002).  The district court is to

review the amount set by the fee agreement for reasonableness based on "the character

of the representation and the results the representative achieved."  *Id.* at 807.  The

Supreme Court described three situations in which courts have appropriately reduced

fees as unreasonable:  (1) the representation is substandard, (2) counsel's delay caused

past-due benefits to accumulate during the pendency of the case in court, and (3) past-

due benefits are large in comparison to the amount of time counsel spent on the case.

*Id.* at 808.

　　　Here, Plaintiff entered into a twenty-five-percent contingency fee agreement with

her attorney, Steven T. Parkman, and his associates.  [DE 30 at 12.]  Plaintiff was

awarded past due benefits in the amount of $85,306.00, and the Commissioner withheld

slightly less than 25%, $20,645, in case Plaintiff needed to pay counsel, $12,645 of which

counsel now asks me to award him.  This amount is reasonable.  First, Attorney

Parkman and his associates' representation was not substandard.  On the contrary, after

drafting and filing an opening brief in this action, counsel secured a remand from this

court and reversal of the original administrative decision resulting in the Plaintiff

receiving a full favorable decision and an award of six years of retroactive benefits.

Further, counsel did not cause any unnecessary delay.

　　　Finally, counsel worked on contingent fee basis, so the risk that he won't recover

for his client, and thus won't be paid at all, has to be priced in to the computation of a

reasonable fee. *See Bastic v. Bowen*, 691 F. Supp. 1176, 1177 (N.D. Ill. 1988) ("[A] universe in which lawyers go wholly unpaid in cases they lose, but are paid for the cases they win at rates that fail to reflect the risk of loss, is a distorted universe."). The risk of no recovery is high in a Social Security case. *See Martinez v. Astrue*, 630 F.3d 693, (7th Cir. 2011) (discussing a study finding 65.05% of Social Security appeals resulted in an affirmance of the denial of benefits). In this context, then, an award of $12,645 is not unreasonable. And awards of larger size have been approved in this district. *See, e.g. Soptich v. Colvin*, No. 3:15-CV-109, 2017 WL 711021, at *2 (N.D. Ind. 2017) (approving award of $18,646); *Denune v. Colvin*, No. 1:11-CV-64, 2014 WL 3899308, at *4 (N.D. Ind. 2014) (approving award of $24,830); *Sparrow v. Astrue*, No. 3:07-CV-506-TLS, 2010 WL 2195276, at *1 (N.D. Ind. 2010) (approving award of $17,322.10). Attorney Parkman achieved the result his client sought in filing the suit and should be properly compensated for his work.

There is one final piece of business. Attorney Parkman already has received $6,278.73 in EAJA fees. While fee awards may be made under both Section 406 and the EAJA, the attorney must refund to the claimant the amount of the smaller fee. *Gisbrecht*, 535 U.S. at 796. Parkman has agreed to refund the smaller of the EAJA award or the award under Section 406. [DE 30 at 5.]

## Conclusion

Plaintiff's counsel's Motion for Authorization of Attorney Fees Pursuant to 42

U.S.C. § 406(b), DE 30, is **GRANTED.** The Court **GRANTS** Counsel's petition for

§406(b) fees in the amount of $12,645.00. The Court **ORDERS** that payment by the

Commissioner in the amount of $12,645.00 be paid directly to Steven Parkman in

accordance with the agreement signed by Plaintiff. The Court further **ORDERS**

Attorney Parkman to **REFUND** Plaintiff $6,278.73, which represents the amount of the

EAJA award already paid to Attorney Parkman and now credited to Plaintiff.

     **SO ORDERED.**

     ENTERED: July 11, 2017.

                    s/ Philip P. Simon
                    **PHILIP P. SIMON, JUDGE**
                    **UNITED STATES DISTRICT COURT**